DONN CARSWELL, GALE CARSWELL, FRANK O. HAY, PAUL T. MATSUNAGA, ARLINE Y. MATSUNAGA, LINDA M. ALIMBAYOGUEN, PETER BECKERMAN, PETER K. BALDWIN, SAMUEL BLAIR, PAULETTE BURTNER, JOEL CAVASSO, ERIK P. COOPERSMITH, FRANK W.N. COX, VIRGINIA M.H. DUNAS, ELIZABETH DUNFORD, GLENN HONTZ, WAYNE JACINTHO, CRYSTAL S. JONES, RICHARD C. JONES, DAVID KOCH, LEALANI CORPORATION, JOANN GIVENS, MICHAEL GIVENS, BASIL L. MAYO, SHERILL E. MILLER, BARBARA PUTZIER, KARL RAMIREZ, PATRICIA SHEEHAN, ROBERT T. SWENEY, VICKY TAYLOR, A.J. TOULON, JR., ELIZABETH TOULON, WAIMEA GARAGE, LTD., CECILIA A. WILLIAMS, HARWOOD D. WILLIAMSON, NANCY H. WILLIAMSON, CYNTHIA WILSON, JAMES WILSON, WAIYEE CARMEN WONG, AND DOES 1-94, Plaintiffs-Appellants, and,
PAUL KYNO AND CRAIG WISEN, Plaintiffs-Appellees,
v.
DEPARTMENT OF LAND AND NATURAL RESOURCES, STATE OF HAWAI`I; INDIVIDUAL DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, AND DOE ENTITIES 1-10, Defendants-Appellees.
No. 28730.
Intermediate Court of Appeals of Hawaii.
May 22, 2009.
On the briefs:
Daniel G. Hempey (Hempey & Meyers, LLP) for Plaintiffs-Appellants.
Dorothy Sellers, Solicitor General, Dept. of the Attorney General, for Defendant-Appellee Department of Land and Natural Resources, State of Hawai`i

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Plaintiffs-Appellants Donn Carswell, Gale Carswell, Frank O. Hay, Paul T. Matsunaga, Arline Y. Matsunaga, Linda M. Alimbayoguen, Peter Beckerman, Peter K. Baldwin, Samuel Blair, Paulette Burtner, Joel Cavasso, Erik P. Coopersmith, Frank W.N. Cox, Virginia M.H. Dunas, Elizabeth Dunford, Glenn Hontz, Wayne Jacintho, Crystal S. Jones, Richard C. Jones, David Koch, Lealani Corporation, Joann Givens, Michael Givens, Basil L. Mayo, Sherill E. Miller, Barbara Putzier, Karl Ramirez, Patricia Sheehan, Robert T. Sweney, Vicky Taylor, A.J. Toulon, Jr., Elizabeth Toulon, Waimea Garage, Ltd., Cecilia A. Williams, Harwood D. Williamson, Nancy H. Williamson, Cynthia Wilson, James Wilson, and Waiyee Carmen Wong (collectively, Plaintiffs) appeal from the Stipulation for Dismissal Without Prejudice of Count Two of Second Amended Complaint and For Entry of Judgment (Stipulation for Dismissal) and the Final Judgment[1] filed on August 15, 2007 in the Circuit Court of the Fifth Circuit (circuit court).
The circuit court entered judgment in favor of the Department of Land and Natural Resources, State of Hawai`i (the DLNR) and against Plaintiffs on Counts One (declaratory relief) and Three (reverse condemnation[2]) of the Second Amended Complaint, and the parties stipulated to dismiss Count Two (taking of property) of the Second Amended Complaint.
On appeal, Plaintiffs argue the following:
(1) The circuit court reversibly erred when it found that the State of Hawai`i (the State) need not obtain a citizen's waiver of a fundamental constitutional right before forcing a citizen to surrender that right as a condition of contracting with the State whenever the State acts in the capacity of a landlord. Related to this contention is Plaintiffs' claim that Conclusion of Law (COL) 43 of the circuit court's December 18, 2006 "Findings of Fact, Conclusions of Law; Order" (FOF/COL/Order) is wrong.
(2) The circuit court abused its discretion and clearly erred in finding in Finding of Fact (FOF) 122[3] that Plaintiffs lost their property rights in their cabins in 1985, when the admissions, stipulations, and evidence were all to the contrary.
(3) The circuit court reversibly erred and abused its discretion when it found that the State had not violated the doctrine of "unconstitutional conditions." Related to this argument is Plaintiffs' contention that COLs 44 and and 46 are wrong.
(4) The circuit court erred by failing to rule on Plaintiffs' claim that the "surrender" provision of recreational-residential leases they won at auction in 1985 (the 1985 Leases) was an unenforceable contract term, unsupported by consideration, if applied to the cabins.
(5) The circuit court erred as a matter of law by finding that the surrender provision in the 1985 Leases is not ambiguous in favor of the State.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Plaintiffs' points of error as follows:
(1) The circuit court did not reversibly err when it found the State did not need to obtain Plaintiffs' waiver of their constitutional right to just compensation before claiming the cabins on Plaintiffs' leased lots because according to the unambiguous language of the 1985 Leases particularly the "Surrender" provision Plaintiffs had no such constitutional right. See Raceway Park, Inc. v. Ohio, 356 F.3d 677, 683 (6th Cir. 2004) ("[T]here is no taking if there is no private property in the first place."); Kepoo v. Kane, 106 Hawai`i 270, 294, 103 P.3d 939, 963 (2005) (internal quotation marks and citation omitted) ("To succeed on a takings claim, a claimant must first establish a vested interest protectable under the Fifth Amendment."); Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc., 107 Hawai`i 423, 430, 114 P.3d 929, 936 (App. 2005) ("The intention of the parties is to be gathered from the whole instrument."). COL 43 is not wrong.
(2) The circuit court did not abuse its discretion or clearly err in finding in FOF 122 that incumbent lessees did not have property rights in their cabins at the end of the 1965 lease terms. The "Surrender" provision of the 1965 leases, like the "Surrender" provision of the 1985 Leases, plainly reveals that incumbent lessees did not own the cabins at the end of the lease term. The circuit court did not clearly err by finding that incumbent lessees did not own the cabins at the end of the 1965 lease terms. With regard to Plaintiffs' argument that "the admissions, stipulations, and evidence were all to the contrary," we note that "it is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai`i 97, 117-18, 58 P.3d 608, 628-29 (2002) (internal quotation marks and citation omitted).
(3) The circuit court did not reversibly err or abuse its discretion when it found that the State did not violate the doctrine of "unconstitutional conditions" because, as we have already held, the court rightly found that incumbent lessees did not own the cabins at the end of the 1965 lease terms. Hence, those plaintiffs did not have a right to compensation to preserve by successfully bidding at the 1985 auction. See Nakamoto v. Fasi, 64 Haw. 17, 22, 635 P.2d 946, 951-52 (1981) (internal quotation marks and citation omitted) (holding that "the right to continue the exercise of a privilege granted by the state cannot be made to depend upon the grantee's submission to a condition prescribed by the state which is hostile to the provisions of the federal Constitution"). COLs 44 and 36 are not wrong.
(4) Without addressing whether the circuit court erred by failing to rule on Plaintiffs' claim that the "Surrender" provision of the 1985 Leases was an unenforceable contract term, unsupported by consideration, such error was harmless because the 1985 Leases contained numerous promises by the State and return promises by the lessee. See Douglass v. Pflueger Hawaii, Inc., 110 Hawai`i 520, 534, 135 P.3d 129, 143 (2006) (quoting Shanghai Inv. Co. v. Alteka Co., 92 Hawai`i 482, 496, 993 P.2d 516, 530 (2000)) ("Consideration is defined as a bargained for exchange whereby the promisor receives some benefit and the promisee suffers a detriment.").
(5) The circuit court did not err as a matter of law by finding that the "Surrender" clause in the 1985 Leases is unambiguous in favor of the State. The circuit court's findings in COLs 29 and 31 are grounded within the four corners of the lease and conform to the principle that a contract must be "construed as a whole." See McElroy, 107 Hawai`i at 430, 114 P.3d at 936. The circuit court's interpretation honors the individual lease terms and maintains the consistency of each provision with the others. See, e.g., Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai`i 286, 297, 141 P.3d 459, 470 (2006) (noting that the Hawai`i Supreme Court has long expressed its disapproval of interpreting a contract so as to render any clause meaningless).
(6) Further, the circuit court's conclusion that Plaintiffs had an ownership interest in the cabins only during the 20-year term of the lease and had no interest in the cabins at the expiration of the lease is confirmed by the lease provisions that apportioned monies between the State and the lessee based on the remaining duration of the lease.
Therefore,
IT IS HEREBY ORDERED that the Stipulation for Dismissal Without Prejudice of Count Two of Second Amended Complaint and For Entry of Judgment and the Final Judgment filed on August 15, 2007 in the Circuit Court of the Fifth Circuit are affirmed.
NOTES
[1] The Honorable Kathleen N.A. Watanabe presided. The Final Judgment is attached as "Exhibit A" to the Stipulation for Dismissal and is signed by Judge Watanabe. Because the Final Judgment resolves all claims against all parties, we consider it a "separate document" under Hawai`i Rules of Civil Procedure Rule 58 and hold that it satisfies the requirements for an appealable final judgment under HRS § 641-1(a) (Supp. 2008).
[2] "Reverse" or "inverse" condemnation is a "shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted. It is a cause of action against the government to recover the value of property taken by the government without formal exercise of the power of eminent domain." Moden v. United States, 404 F.3d 1335, 1342 (Fed. Cir. 2005) (internal quotation marks and citations omitted).
[3] In the "Points of Error" section of their opening brief, Plaintiffs refer to "Conclusion of Law 122" when they clearly mean "FOF 122." The FOF/COL/Order contains no COL 122.